UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED HORRIDGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2490** |
| **GREENBRIER HOSPITAL, LLC** | **SECTION "H" (4)** |

### ORDER

On August 27, 2013 the Court held a status conference. At that time, the Court noted that the parties had not properly pled the citizenship of Defendant and ordered the parties to file a document into the record which would clarify Defendant's citizenship (Doc. 11). On September 4, 2013 Defendant filed a "Notice of Residency" (Doc. 12). This document still fails to correctly allege the citizenship of Defendant.

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations

1

omitted).  In this matter, the burden of proving complete diversity lies with Plaintiffs.  *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).  To carry this burden, Plaintiffs must "distinctly and affirmatively allege [ ] the citizenship of the parties."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).  Accordingly, Plaintiffs "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction."  *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted);  *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

Defendant is an LLC.  Neither Plaintiff's Complaint, nor Defendant's "Notice of Residency" alleges the identity and citizenship of Defendant's members.  Thus, this Court lacks subject matter jurisdiction over this matter as it is currently pled.

Accordingly,

**IT IS ORDERED** that Plaintiff shall amend his complaint within 30 days of the entry of this Order to properly allege the citizenship of Defendant.  If Plaintiff fails to properly allege the citizenship of Defendant, this matter will be dismissed for lack of subject mater jurisdiction.

New Orleans, Louisiana, on this 13th day of November, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**